UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Great West Casualty Company, | Case No. 2:24-cv-02351-CDS-EJY |
|---|---|
| Plaintiff | **Order Granting Arch Insurance's Motion to Set Aside Default, Denying as Moot Plaintiff's Motion for Default Judgment** |
| v. | |
| Arch Insurance Company, et al., | |
| Defendants | [ECF Nos. 23, 28, 30] |

Plaintiff Great West Casualty Company served its first amended complaint on defendant Arch Insurance Company on March 21, 2025. Proof of serv., ECF No. 15. The Clerk of Court entered default against Arch Insurance on May 21, 2025. Default, ECF No. 22. Great West now seeks entry of a default judgment (ECF No. 23); however, Arch made its appearance in this case by filing an opposition and a motion to set aside default (ECF No. 28).[1] Because I find that there is good cause to vacate the default, I grant Arch's motion to set aside default and deny as moot Great West's motion for default judgment. Arch is ordered to respond to the first amended complaint on or before March 17, 2026.

## I.    Legal standard

The clerk's entry of default against a party is the first of two steps required to seek an enforceable default judgment against the party that failed to plead or respond. Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). And under Rule 55(b), the party seeking default judgment "must apply to the court for a default judgment." Fed. R. Civ.

---

[1] The motion are fully briefed. Resp. to mot. set aside, ECF No. 37, Reply, ECF No. 42; Resp. to mot. default j., ECF Nos. 29, Reply, 38. The parties also filed their second joint motion to extend the briefing schedule related to these motions. ECF No. 30. Because the parties' third and fourth requests to extend the deadlines were granted, this motion is moot.

P. 55(b)(2). However, under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

The court has discretion to set aside a default or default judgment. *Id.* A motion to set aside an entry of default seeks a lesser intervention than would a motion to set aside a default judgment in a case under Rule 60(b). As dictated by Rule 55(c), the district court must determine whether there is "good cause" to set aside the entry of default. *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111–12 (9th Cir. 2011).

"The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986)). To determine whether a defendant has shown good cause justifying setting aside the clerk's default, a court considers three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). Further, "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza*, 783 F.2d at 945–46 (citation omitted). Accordingly, the court resolves any doubt regarding whether to grant relief in favor of vacating default. *See O'Connor*, 27 F.3d at 364.

"Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *See United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotation omitted).

## II.     Discussion

Here, I find "good cause" exists to vacate the clerk's entry of default. As stated above, to determine whether there is "good cause" warranting the vacating of an entry of default, a court looks at (1) whether the party seeking to set aside the default engaged in culpable conduct that

2

led to the default, (2) whether it has a meritorious defense, and (3) whether reopening the default judgment would prejudice the other party. *Mesle*, 615 F.3d at 1091.

### A.  Culpable conduct

A defendant's conduct is "culpable" if "he has received actual or constructive notice of the filing and intentionally failed to answer." *Id.* at 1092. Arch contends that it did not intentionally fail to appear. Although Arch was served through the Nevada Department of Insurance, which sent the amended complaint to Arch's registered agent, who in turn forwarded to Arch, "due to inadvertence," the amended complaint "was not handled according to Arch's standard procedures," and Arch therefore did not timely appear. ECF No. 28 at 10.

In its opposition, Great West argues that Arch has shown culpable conduct because it was properly served in March 2025, yet failed to act for months after receiving actual notice. ECF No. 37 at 5–6. Great West further contends that a claim of mere inadvertence is insufficient to establish excusable neglect. *Id.* Additionally, Great West asserts that Arch's conduct was culpable because, even after receiving the motion for entry of clerk's default, Arch—without explanation—did not participate in the case until 119 days after the entry of default. *Id.* at 6.

Great West asserts that Arch's inaction demonstrates that it was "hop[ing] the underlying lawsuit would disappear at another's expense" and that it acted with the intentionality as of a legally sophisticated party, as described in *Mesle*. *Id.* In its reply, Arch argues that Great West overlooks the fact that its repeated requests for a copy of an agreement went unfulfilled, which in turn delayed Arch's ability to respond. ECF No. 42. Arch disputes Great West's application of a higher standard and maintains that its delay resulted from inadvertence in its complaint intake process, not from any intentional conduct. *Id.* at 4–5.

After considering the parties' arguments, I find that Arch has not engaged in culpable conduct. For a party to be treated as culpable, it must do more than simply make a "conscious choice not to answer." *Savov v. Immunotech Labs., Inc.*, 2023 U.S. Dist. LEXIS 48378, at *6 (D. Nev. Mar. 21, 2023). Indeed, it must be shown that a party "intended to interfere with judicial

decision making, or otherwise manipulate the legal process." *Id.* (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). "Here, the Court cannot discern how [the defendants] improperly benefitted from their tardy participation." *Wells v. Glob. Tech Indus.*, 2022 U.S. Dist. LEXIS 180447, at *7–8 (D. Nev. Sep. 30, 2022); *see Chrome Hearts, LLC v. Boutique Talulah*, 2012 U.S. Dist. LEXIS 140120, at *7 (D. Nev. Sep. 28, 2012) (finding that defendant's failure to respond did not allow it to take advantage of the opposing party, and that the "only outcome that such a failure could have earned Defendant was . . . an entry of default and a heightened possibility of default judgment in favor of Plaintiff"). Great West has not demonstrated how Arch's tardy participation has led them to have improperly benefitted, gained strategic advantage, or manipulated the legal process. Further, now that Arch is aware of this litigation, it has expressed a desire to defend itself and file a responsive pleading. *See Savov*, 2023 U.S. Dist. LEXIS 48378, at *6. Given Arch's recent activity in the case, combined with the fact that the Ninth Circuit strongly favors judgment on the merits, the culpability prong weighs in favor of setting aside the clerk's default. *See Mesle*, 615 F.3d at 1089 ("[A] case should, whenever possible, be decided on the merits.").

### B.  Meritorious defense

Next, to meet the meritorious defense standard, Arch "must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. This burden is "not extraordinarily heavy" and requires only that the defendant "allege sufficient facts, that if true, would constitute a defense." *Id.* (citation omitted).

Arch offers several potentially meritorious defenses. First, it argues that, through its request for declaratory relief, Great West improperly seeks to create liability for Arch. ECF No. 28 at 11. Arch states that, at a minimum, "this creates a meritorious defense as to the interpretation of the Arch policy in this matter that should not be addressed by a default judgment." *Id.*

Second, Arch argues that Great West disregards the language of Arch's policy, "specifically, the definition of who constitutes an 'Insured' and who is excluded." *Id.* It asserts that "the RND driver violated the [Contractor Operating] Agreement by violating a local law (parking in the red zone) at the direction of someone other than T-Brothers. Arch's policy specifically excludes coverage for liability assumed under a contract *and* excludes coverage for 'completed operations.'" *Id.* at 11–12. It also contends that Great West overlooks the definition of the term insured under the Arch policy. *Id.* Arch argues that "RND does not qualify as an Insured under the definition of the term in the Arch policy." *Id.*

Finally, Arch contends that Section 7(g) of the contractor operating agreement "specifies RND will provide full indemnification for T-Brothers," but "Great West now seeks to turn the Agreement on its head, requiring Arch to defend and indemnify RND based upon T-Brothers requirement that RND indemnify T-Brothers, leading RND to obtain a policy through Great West." *Id.* at 12.

In response, Great West argues that Arch failed to demonstrate a meritorious defense because its positions regarding the policy terms and coverage defenses are inaccurate. ECF No. 37 at 6. Great West contends that the "first flaw in Arch's reasoning is that it has ignored its duty to defend." *Id.* Great West further maintains that "RND is an insured under the Arch Policy" because "RND was using an 'auto,' specifically a trailer, owned by T-Brothers when it placed T-Brothers trailer near the ultimate scene of the accident" and that "Arch offers no explanation whatsoever why this wouldn't cover RND." *Id.* at 8. Additionally, Great West asserts that Arch's contention that the agreement between T-Brothers and RND "specifies RND will provide full indemnification for T-Brothers" mischaracterizes the contract and relies on three provisions that are irrelevant to this action. *Id.* at 8–9.

In reply, Arch maintains that "Great West simply declares that RND was an 'insured' but presents no further argument nor addresses "how such a position would not effectively eliminate the exceptions and exclusions of coverage set forth in the Arch Policy." ECF No. 42 at

5

7–8. It also disagrees with one of Great West's factual assertions arguing that it "is contradicted by the Police Report and the Agreement." *Id.* at 8.

At this early stage, however, I need not resolve the underlying factual disputes. Indeed, I decline to try the merits of the case on a motion to set aside a default under Rule 55(c). All the law requires of Arch is that it assert facts sufficient to demonstrate that a defense is assertable; whether the factual allegations are true is to be determined in later litigation. "The defendant's burden is minimal." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id.* (quoting *TCI Group*, 244 F.3d at 700). Arch has asserted facts that meet the required minimal showing of a meritorious defense to establish "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (citation omitted). Because Arch may have a meritorious defense to Great West's claims, this factor supports setting aside default.

## C. Prejudice

In its motion, Arch argues that the prejudice prong favors setting aside the default because a delay of a few months does not constitute significant prejudice. ECF No. 28 at 12–13. Arch also contends that whether Great West is a proper plaintiff for purposes of interpreting the Arch policy is an issue that should be resolved on the merits. *Id.* In response, Great West asserts that, although it is unaware of any lost evidence or direct harm, it has been prejudiced by what it characterizes as Arch's deliberate conduct. ECF No. 37 at 10.

I find that setting aside default will not prejudice Great West. Great West concedes that it is "unaware of any specific evidence that has been lost or other *direct* harm to its ability to prevail on the merits." *Id.* The Ninth Circuit requires that the delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Puentes v. Narvazia*, 2022 WL 1016651, at *2 (D. Nev. Apr. 5, 2022) (quoting *TCI Grp.*, 244 F.3d at 701)). And being forced to litigate a case on the merits is not considered prejudicial.

*See Aussieker*, 2021 U.S. Dist. LEXIS 19969, at \*13. Therefore, the prejudice prong also favors setting aside the default.

In sum, all three factors weigh in favor of setting aside the clerk's default against Arch. Although belated, Arch is now defending itself and wants to resolve this case on the merits. Thus, this also weighs against entering default judgment against Arch. *See, e.g., Renfro v. Alan Anderson & Imbee, Inc.*, 2021 WL 363681, at \*3 (E.D. Cal. Feb. 2, 2021) (declining to enter default judgment where the defendant had "manifested his intent to defend against [the] plaintiff's claim"). So I deny as moot Great West's motion for default judgment.

**III.    Conclusion**

It is hereby ordered that defendant Arch Insurance Company's motion to set aside default **[ECF No. 28] is GRANTED**. The Clerk of Court is kindly instructed to vacate the default at ECF No. 22.

It is further ordered that Great West Casualty Company's motion for default judgment **[ECF No. 23]**, and the parties' motion to extend time **[ECF No. 30] are DENIED as moot**.

Arch must file a responsive pleading to Great West's first amended complaint by March 17, 2026.

Dated: February 23, 2026

_____
Cristina D. Silva
United States District Judge